Lionel Z. Glancy (SBN #134180)
Michael Goldberg (SBN #188669)
GLANCY BINKOW & GOLDBERG LLP
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile:  (310) 201-9160
Email: info@glancylaw.com

Marc I. Gross
Jeremy A. Lieberman
POMERANTZ GROSSMAN HUFFORD DAHLSTROM & GROSS LLP
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile:  (212) 661-8665

Patrick V. Dahlstrom
POMERANTZ GROSSMAN HUFFORD DAHLSTROM & GROSS LLP
Ten South La Salle Street, Suite 3505
Chicago, Illinois 60603
Telephone: (312) 377-1181
Facsimile:  (312) 377-1184

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SCOTT E. STEVENS, Individually and on Behalf of All Others Similarly Situated,<br><br>　　　　　　　　Plaintiff,<br><br>　　　　v.<br><br>AFFYMAX, INC., JOHN A. ORWIN, HERBERT C. CROSS, TAKEDA PHARMACEUTICAL COMPANY LIMITED, TAKEDA PHARMACEUTICALS U.S.A., INC., and TAKEDA GLOBAL RESEARCH & DEVELOPMENT CENTER, INC.,<br><br>　　　　　　　　Defendants. | No. 13-cv-00891-PJH<br><br>**NOTICE OF MOTION AND MOTION OF TOMMY JAY CARTER FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>DATE: June 5, 2013<br>TIME:  9:00 a.m.<br>JUDGE: Honorable Phyllis J. Hamilton<br>CTRM:  3 – 3rd Floor |

NOTICE OF MOTION AND MOTION OF TOMMY JAY CARTER FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF
No. 13-cv-00891-PJH                                                           i

| | |
|---|---|
| TRICIA M. BARTELT, Individually and on Behalf of All Others Similarly Situated,<br><br>                    Plaintiff,<br><br>                      v.<br><br>AFFYMAX, INC., JOHN A. ORWIN, HERBERT C. CROSS, TAKEDA PHARMACEUTICAL COMPANY LIMITED, TAKEDA PHARMACEUTICALS U.S.A., INC., and TAKEDA GLOBAL RESEARCH & DEVELOPMENT CENTER, INC.,<br><br>                  Defendants. | <u>No. 13-cv-01025-PJH</u> |

NOTICE OF MOTION AND MOTION OF TOMMY JAY CARTER FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF
No. 13-cv-00891-PJH

**TABLE OF CONTENTS**

I.   PRELIMINARY STATEMENT ........................................................................................... 2

II.  STATEMENT OF FACTS .................................................................................................. 2

III. ARGUMENT ....................................................................................................................... 4

    A.   THE RELATED ACTIONS SHOULD BE CONSOLIDATED ................................ 4

    B.   CARTER SHOULD BE APPOINTED LEAD PLAINTIFF........................................ 4

        1.   Carter Is Willing to Serve as Class Representative ......................................... 5

        2.   Carter Has the "Largest Financial Interest" ..................................................... 5

        3.   Carter Otherwise Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure ................................................................................. 6

        4.   Carter Will Fairly and Adequately Represent the Interests of the Class and Is Not Subject to Any Unique Defenses ................................................... 8

    C.   LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED..... 8

IV.  CONCLUSION.................................................................................................................... 9

# **TABLE OF AUTHORITIES**

*Beck v. Maximus, Inc.*,
  457 F.3d 291 (3d Cir. 2006) ................................................................................................ 6, 7

*Blackmoss Invs., Inc. v. ACA Capital Holdings, Inc.*,
  252 F.R.D. 188 (S.D.N.Y. 2008) ............................................................................................ 3

*In re Cendant Corp. Litig.*,
  264 F.3d 201 (3d Cir. 2001), ............................................................................................ 6, 9

*Danis v. USN Communs., Inc.*,
  189 F.R.D. 391 (N.D. Ill. 1999) ............................................................................................ 6

*Dollens v. Zionts,*,
  2001 U.S. Dist. LEXIS 19966 (N.D. Ill. Dec. 4, 2001) ........................................................ 8

*Friedman v. Quest Energy Partners LP*,
  261 F.R.D. 607 (W. D. Okla. 2009) ...................................................................................... 8

*Greebel v. FTP Software*,
  939 F. Supp. 57 (D. Mass. 1996) .......................................................................................... 6

*Lax v. First Merchants Acceptance Corp.*,
  1997 WL 461036 (N.D. Ill. 1997) ........................................................................................ 5

*Lintz v. Agria Corp.,*,
  2008 U.S. Dist. LEXIS 99846 (S.D.N.Y. Dec. 3, 2008) ...................................................... 3

*Meyer v. Paradigm Med. Indus.,*,
  225 F.R.D. 768 (D. Utah 2004) ............................................................................................ 8

*In re Olsten Corp. Securities Litig.*,
  3 F. Supp. 2d 286 (E.D.N.Y. 1998) ...................................................................................... 6

*In re Oxford Health Plans, Inc. Sec. Litig.*,
  182 F.R.D. 42 (S.D.N.Y. 1998) ............................................................................................ 6

*Riordan v. Smith Barney*,
  113 F.R.D. 60 (N.D. Ill. 1986) ............................................................................................. 7

*In re Sterling Financial Corp.*,
  2007 WL 4570729 (E.D. Pa. Dec. 21, 2007) .................................................................... 6, 7

*Takara Trust v. Molex Inc.*,
  229 F.R.D. 577 (N.D. Ill. 2005) ........................................................................................... 8

*Vicuron Pharm. Inc. Sec. Litig.,*,
  225 F.R.D. 508 (E.D. Pa. 2004) ........................................................................................... 5

**OTHER AUTHORITIES**

PSLRA
  15 U.S.C. § 78u 4(a)(3) ........................................................................................................*passim*

Fed. R. Civ. P.
  23(a)........................................................................................................................*passim*
  42(a)........................................................................................................................*passim*

Manual for Complex Litigation (Third), § 20.123 (1995) ................................................................. 3

**NOTICE OF MOTION AND MOTION**

**TO:    ALL PARTIES AND THEIR COUNSEL OF RECORD**

**PLEASE TAKE NOTICE** that Tommy Jay Carter ("Carter"), by and through his counsel, will and does hereby moves this Court, pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), on June 5, 2013 for an Order (attached hereto as Exhibit A):

Tommy Jay Carter ("Carter") respectfully submits this Memorandum of Points and Authorities in support of his motion, pursuant to Section 21D(a)(3) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA") and Rule 42 of the Federal Rules of Civil Procedure, for an Order: (1) consolidating all actions filed in the Northern District of California in the above-captioned class actions for all purposes, pursuant to Fed. R. Civ. P. 42(a); (2) appointing Carter as Lead Plaintiff on behalf of all persons who purchased or otherwise acquired securities of Affymax Concepts Corp. ("Affymax" or the "Company") during the Class Period, pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"); (3) approving Lead Plaintiff's selection of Pomerantz Grossman Hufford Dahlstrom & Gross LLP ("Pomerantz") as Lead Counsel for the Class and Glancy Binkow & Goldberg LLP ("Glancy") as Liaison Counsel for the Class; and (4) granting such other and further relief as the Court may deem just and proper.

In support of this Motion, Carter submits a Memorandum of Points and Authorities and the Declaration of Michael M. Goldberg and exhibits attached hereto, the pleadings and other filings herein and such other written and oral arguments as may be presented to the Court.

This Motion is made on the grounds that Carter is the most adequate plaintiff, as defined by the PSLRA, based on his losses of $299,550, which was suffered as a result of defendants' wrongful conduct as alleged in the above-referenced actions. Further, Carter satisfies the requirements of Rule 23(a) of the Federal Rules of Civil Procedure, as his claims are typical of other Class members' claims and he will fairly and adequately represent the interests of the Class.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    PRELIMINARY STATEMENT

Two securities class actions are pending in this District.  Each pending class action is a federal securities class action brought on behalf of a class consisting of all persons other than defendants who purchased Affymax securities between December 8, 2011 to February 22, 2013, inclusive (the "Class Period"), seeking to recover damages caused by defendants' violations of the federal securities laws and to pursue remedies under §§ 10(b) and 20(a) of the Exchange Act and Rule 10b-5 promulgated thereunder.

Pursuant to the PSLRA, the court appoints as lead plaintiff the movant who possesses the largest financial interest in the outcome of the action and who satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  Carter, with a loss of approximately $299,550 in connection with his purchases of Affymax during the Class Period has the largest financial interest in the relief sought in this action.  Carter further satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure as he is an adequate representative with claims typical of the other Class members.  Accordingly, Carter respectfully submits that he be appointed Lead Plaintiff.

### II.   STATEMENT OF FACTS

Defendant Affymax is a Palo Alto-based biopharmaceutical company whose primary drug offering is Omontys (peginesatide) Injection for the treatment of anemia in chronic kidney disease in adult patients on dialysis. Omontys is a synthetic, peptide-based erythropoiesis stimulating agent

designed to stimulate production of red blood cells. The Company has a strategic alliance agreement with Takeda to develop and commercialize Omontys.

Specifically, defendants failed to disclose that 2% of patients who were administered Omontys experienced hypersensitivity reactions resulting in anaphylaxis, a serious and life-threatening allergic reaction, a third of which needed medical intervention - and that 0.02% of those administered the drug experienced fatal anaphylaxis reactions. As a result of these false statements, Affymax stock traded at artificially inflated prices during the Class Period, reaching a high of $27.74 per share in intraday trading on October 17, 2012.

Suddenly, on Saturday, February 23, 2013, Affymax announced that the U.S. Food and Drug Administration ("FDA") was requiring a total recall of the drug due to reports of anaphylaxis, with the FDA calling it a "serious and life-threatening" allergic reaction in the agency's statement. "Serious and fatal" hypersensitivity reactions have been reported in some patients within 10 minutes of receiving their first doses of the drug by intravenous injection, the FDA said in its statement.

On this news, the price of Affymax stock declined by more than 85%, closing at $2.42 per share, down $14.10 per share from the prior Friday night's close, on unusually high trading volume.

The true facts, which were known by the defendants but concealed from the investing public during the Class Period, were as follows:

(a) Affymax's FY 2012 financial guidance was materially overstated throughout the Class Period;

(b) sales of Omontys being reported throughout the Class Period were not sustainable; and

(c) Defendants' were materially overstating sales and understating the potential liabilities related to Omontys sales during the Class Period, including refunds and potential liability to injured patients.

As a result of defendants' false statements, Affymax stock traded at inflated levels during the Class Period. However, after the above revelations seeped into the market, the price of Affymax stock was hammered by massive sales, sending them down more than 91 % from their Class Period high.

## III. ARGUMENT

### A. THE RELATED ACTIONS SHOULD BE CONSOLIDATED

Consolidation of related cases is appropriate, where, as here, the actions involve common questions of law and fact, and therefore consolidation would avoid unnecessary cost, delay and overlap in adjudication:

> Where actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters at issue in the actions; it may order all the actions consolidated; and it may make such order concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Fed. R. Civ. P. 42(a). *See also* Manual for Complex Litigation (Third), § 20.123 (1995).

Moreover, the PSLRA also calls for consolidation where "more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed…." *Blackmoss Invs., Inc. v. ACA Capital Holdings, Inc.*, 252 F.R.D. 188 (S.D.N.Y. 2008). Here, all of the related actions allege that defendants misrepresented the business and financial performance and prospects of Affymax. Accordingly, consolidation of the related actions is appropriate. *Lintz v. Agria Corp.*, 2008 U.S. Dist. LEXIS 99846 (S.D.N.Y. Dec. 3, 2008) (consolidating actions that all alleged federal securities law violations arising out of defendants' alleged issuance of false and misleading financial statements).

### B. CARTER SHOULD BE APPOINTED LEAD PLAINTIFF

Section 21D(a)(3)(B) of the PSLRA sets forth procedures for the selection of Lead Plaintiff in class actions brought under the Exchange Act. The PSLRA directs courts to consider any motion to serve as Lead Plaintiff filed by class members in response to a published notice of class action by the later of (i) 90 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B)(i) &(ii).

Further, under 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I), the Court is directed to consider all motions by plaintiffs or purported class members to appoint lead plaintiff filed in response to any such notice. Under this section, the Court "shall" appoint "the presumptively most adequate plaintiff" to serve as lead plaintiff and shall presume that plaintiff is the person or group of persons, that:

    (aa) has either filed the complaint or made a motion in response to a notice . . .;

    (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and

    (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

  As set forth below, Carter satisfies all three of these criteria and thus is entitled to the presumption that he is the most adequate plaintiff of the Class and, therefore, should be appointed Lead Plaintiff for the Class.

  **1.**  **Carter Is Willing to Serve as Class Representative**

  On February 27, 2013, counsel in this action caused a notice (the "Notice") to be published over *GlobeNewswire* pursuant to Section 21D(a)(3)(A)(i) of the PSLRA, which announced that a securities class action had been filed against the defendants herein, and advised investors of Affymax securities that they had until April 29, 2013, to file a motion to be appointed as Lead Plaintiff. *See* Goldberg Decl., Ex. A.

  Carter has filed the instant motion pursuant to the Notice, and has attached his Certification attesting that he is willing to serve as a class representative for the Class and provide testimony at deposition and trial, if necessary. *See* Goldberg Decl., Ex. B. Accordingly, Carter satisfies the first requirement to serve as Lead Plaintiff for the Class.

  **2.**  **Carter Has the "Largest Financial Interest"**

  The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii).

  As of the time of the filing of this motion, Carter believes that he has the largest financial interest of any of the Lead Plaintiff movants based on the four factors articulated in the seminal case *Lax v. First Merchants Acceptance Corp.*, 1997 WL 461036, at *5 (N.D. Ill. 1997) (financial interest may be determined by (1) the number of shares purchased during the class period; (2) the number of

1 | net shares purchased during the class period; (3) the total net funds expended during the class period;
2 | and (4) the approximate losses suffered).

net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered).

As of the time of the filing of this motion, Carter believes that he has the largest financial interest of any movants in the relief sought by the Class. During the Class Period, (1) Carter purchased 24,698 shares of Affymax securities; (2) expended $413,999 on his purchases of Affymax securities; (3) retained 17,997 of his Affymax shares; and (4) as a result of the revelations of the fraud, Carter suffered a loss of $299,550. *See* Goldberg Decl., Exhibit C. Because Carter possesses the largest financial interest in the outcome of this litigation, he may be presumed to be the "most adequate" plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb). *See also In re Vicuron Pharm. Inc. Sec. Litig.*, 225 F.R.D. 508, 511 (E.D. Pa. 2004) (recognizing that the financial loss is the most significant of these elements); *In re McKesson HBOC, Inc. Sec. Litig.*, 97 F. Supp. 993 (N.D. Cal. 1999).

### 3. Carter Otherwise Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, a Lead Plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." *See In re Cendant Corp. Litig.*, 264 F.3d 201, 263 (3d Cir. 2001), cert. denied, 535 U.S. 929 (2002). Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

(1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

In making its determination that Lead Plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification; instead a *prima facie* showing that the movant satisfies the requirements of Rule 23 is sufficient. *Greebel v. FTP Software*, 939 F. Supp. 57, 60 (D. Mass. 1996). Moreover, "typicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA."

NOTICE OF MOTION AND MOTION OF TOMMY JAY CARTER FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF
No. 13-cv-00891-PJH                                   6

*In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998) (citing *Gluck v. Cellstar Corp.*, 976 F. Supp. 542, 546 (N.D. Tex. 1997); *Olsten*, 3 F. Supp. 2d at 296.

The typicality requirement of Fed. R. Civ. P. 23(a)(3) is satisfied where the named representative's claims have the "same essential characteristics as the claims of the class at large." *Danis v. USN Communs., Inc.*, 189 F.R.D. 391, 395 (N.D. Ill. 1999). *See In re Sterling Financial Corp.*, 2007 WL 4570729, at *4 (E.D. Pa. Dec. 21, 2007) (noting that the "typicality requirement is satisfied if the plaintiff, as a result of the same course of conduct, suffered the injuries as the absent class members, and their claims are based on the same legal issues."). In other words, "the named plaintiffs' claims [must be] typical, in common-sense terms, of the class, thus suggesting that the incentives of the plaintiffs are aligned with those of the class." *Beck v. Maximus, Inc.*, 457 F.3d 291, 295-96 (3d Cir. 2006) (quoting *Baby Neal v. Casey*, 43 F.3d 48, 55 (3d Cir. 1994) (noting that "factual differences will not render a claim atypical if the claim arises from the same event or practice or course of conduct that gives rise to the claims of the class members, and if it is based on the same legal theory.")).

Carter's claims are typical of those of the Class. Carter alleges, as do all Class members, that defendants violated the Exchange Act by making what they knew or should have known were false or misleading statements of material facts concerning Affymax, or omitted to state material facts necessary to make the statements they did make not misleading. Carter, as did all members of the Class, purchased Affymax securities during the Class Period at prices artificially inflated by defendants' misrepresentations or omissions and was damaged upon the disclosure of those misrepresentations and/or omissions. These shared claims, which are based on the same legal theory and arise from the same events and course of conduct as the Class' claims, satisfy the typicality requirement of Rule 23(a)(3).

The adequacy of representation requirement of Rule 23(a)(4) is satisfied where it is established that a representative party "will fairly and adequately protect the interests of the class." The class representative must also have "sufficient interest in the outcome of the case to ensure vigorous advocacy." *Riordan v. Smith Barney*, 113 F.R.D. 60, 64 (N.D. Ill. 1986). *See Sterling*, 2007 WL 4570729, at *4 (highlighting that the adequacy requirement is satisfied when "both the class

representative and its attorneys are capable of satisfying their obligations, and neither has interests conflicting with those of the other class members."); *Beck*, 457 F.3d at 296 (emphasizing that the adequacy inquiry "serves to uncover conflicts of interest between named parties and the class they seek to represent," (quoting *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 625 (1997)).

Carter will adequately represent the interests of the Class. There is no antagonism between Carter's interests and those of the Class, and his losses demonstrate that he has a sufficient interest in the outcome of this litigation. Moreover, Carter has retained counsel highly experienced in vigorously and efficiently prosecuting securities class actions such as this action, and submits his choice to the Court for approval pursuant to 15 U.S.C. § 78u 4(a)(3)(B)(v).

### 4. Carter Will Fairly and Adequately Represent the Interests of the Class and Is Not Subject to Any Unique Defenses

The presumption in favor of appointing Carter as Lead Plaintiff may be rebutted only upon proof "by a purported member of the plaintiffs' class" that the presumptively most adequate plaintiff:

(aa) will not fairly and adequately protect the interest of the class; or

(bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(b)(iii)(I).

Carter's ability and desire to fairly and adequately represent the Class has been discussed above. Carter is not aware of any unique defenses defendants could raise that would render him inadequate to represent the Class. Accordingly, Carter should be appointed Lead Plaintiff for the Class.

### C. LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to the approval of the Court. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should interfere with Lead Plaintiff's selection only when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa). *See Cendant*, 264 F.3d at 276 (emphasizing that the PSLRA "evidences a

strong presumption in favor of approving a properly-selected lead plaintiff's decisions as to counsel selection and counsel retention.").

Here, Carter has selected Pomerantz as Lead Counsel and Glancy as Liaison Counsel. Pomerantz and Glancy are highly experienced in the area of securities litigation and class actions, and have successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors as detailed in the firm's resumes. *See* Goldberg Decl., Exs. D and E.  As a result of the firms' extensive experience in litigation involving issues similar to those raised in this action, Carter's counsel has the skill and knowledge which will enable him to prosecute this action effectively and expeditiously.  Thus, the Court may be assured that by approving the Carter's selection of Counsel, the members of the Class will receive the best legal representation available.

## IV.   CONCLUSION

For the foregoing reasons, Carter respectfully requests the Court to issue an Order: (1) consolidating all related actions; (2) appointing Carter as Lead Plaintiff; (3) approving Pomerantz as Lead Counsel and Glancy as Liaison Counsel (4) granting such other relief as the Court may deem to be just and proper.

Dated: April 29, 2013

GLANCY BINKOW & GOLDBERG LLP

*s/Michael Goldberg*
Lionel Z. Glancy (SBN #134180)
Michael Goldberg (SBN #188669)
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile:  (310) 201-9160
Email: info@glancylaw.com

POMERANTZ GROSSMAN HUFFORD DAHLSTROM & GROSS LLP
Marc I. Gross
Jeremy A. Lieberman
Lesley F. Portnoy
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: 212-661-1100
Facsimile:  212-661-8665

|     |                                           |
| --- | ----------------------------------------- |
| 1   |                                           |
| 2   | POMERANTZ GROSSMAN HUFFORD                |
|     | DAHLSTROM & GROSS LLP                     |
| 3   | Patrick V. Dahlstrom                      |
|     | 10 South LaSalle Street, Suite 3505       |
| 4   | Chicago, IL 60603                         |
|     | Telephone: 312-377-1181                   |
| 5   | Facsimile:  312-377-1184                  |
| 6   | *Counsel for Movant and Proposed Lead and*|
|     | *Liaison Counsel for the Class*           |

**PROOF OF SERVICE VIA ELECTRONIC POSTING PURSUANT TO NORTHEN DISTRICT OF CALIFORNIA LOCAL RULES AND LOCAL CIVIL RULE 5-1**

I, the undersigned, say:

I am a citizen of the United States and am employed in the office of a member of the Bar of this Court.  I am over the age of 18 and not a party to the within action.  My business address is 1925 Century Park East, Suite 2100, Los Angeles, California  90067.

On April 29, 2013, I caused to be served the following documents:

**1.   NOTICE OF MOTION AND MOTION OF TOMMY JAY CARTER FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

**2.   DECLARATION OF MICHAEL M. GOLDBERG IN SUPPORT OF TOMMY JAY CARTER'S MOTION FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF COUNSEL**

**3.   PROPOSED ORDER**

By posting the document to the ECF Website of the United States District Court for the Northern District of California, for receipt electronically by the parties as listed on the attached Court's ECF Service List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on April 29, 2013, at Los Angeles, California.

                                      *s/ Michael Goldberg*
                                      Michael Goldberg

# Mailing Information for a Case 4:13-cv-00891-PJH

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Mary K. Blasy**
  mblasy@rgrdlaw.com

- **John C. Dwyer**
  dwyerjc@cooley.com,giovannonib@cooley.com

- **Michael M. Goldberg**
  mmgoldberg@glancylaw.com,csadler@glancylaw.com,info@glancylaw.com,rprongay@glancylaw.com

- **Jeffrey Michael Kaban**
  kabanjm@cooley.com,lalmanza@cooley.com

- **Ritesh Kumar Srivastava**
  rsrivastava@cooley.com,lsantamaria@cooley.com

- **Shawn A. Williams**
  shawnw@rgrdlaw.com,e_file_sd@rgrdlaw.com,nnewton@rgrdlaw.com,e_file_sf@rgrdlaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)